IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA K. HADLEY, | ) Civ. No. 05-00660 ACK/KSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAWAII GOVERNMENT EMPLOYEES' ASSOCIATION, AFSCME, LOCAL 152, AFL-CIO; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO DISMISS**

**BACKGROUND**

Linda K. Hadley ("Plaintiff") filed a Complaint against Hawaii Government Employees' Association, AFSCME, Local 152, AFL-CIO (the "Union") and the Department of Human Services of the State of Hawaii ("State Defendant"), alleging two causes of action: (1) a "hybrid action" against the Union and State Defendant for violation of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §§ 158 and 185, and (2) State Defendant's violation of the Hawaii Whistleblowers' Protection Act, H.R.S. § 378-61, et seq.  See Complaint at 2, 8-9.

On November 18, 2005, State Defendant filed a Motion to Dismiss Complaint ("Motion to Dismiss").  On December 13, 2005, the Union filed a Substantive Joinder in the Motion to Dismiss

("Joinder").  On February 20, 2006, Plaintiff filed an Opposition to the Motion to Dismiss and Joinder.  On February 28, 2006, State Defendant filed a Reply.  A hearing was held on March 13, 2006.

## **STANDARD**

A court's subject matter jurisdiction may be challenged under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  "Once the moving party [converts] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to

dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond his pleadings, to show that a genuine issue of material fact exists." Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987).  Thus, the moving party "should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Casumpang v. Int'l Longshoremen's & Warehousemen's Union, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

## DISCUSSION

### I. Hybrid Action Claim

Count 1 of the Complaint alleges a "hybrid action against both the employer [State Defendant] and the Union under 29 U.S.C. §§ 158 and 185 per Vaca v. Sipes, 386 U.S. 171 ([] 1967)." See Complaint at 2; see also id. at 8.  In DelCostello v. Int'l Brotherhood of Teamsters, the U.S. Supreme Court explained the nature of such a hybrid action brought pursuant to Vaca: "when the union representing the employee [against the employer] in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation . . . an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or

arbitration proceeding." See DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 164 (1983); see also Vaca v. Sipes, 386 U.S. 171 (1967).

The resulting hybrid action claim comprises two causes of action. DelCostello, 462 U.S. at 164. "The suit against the employer rests on § 301 [of the Labor Management Relations Act, 29 U.S.C. § 185], since the employee is alleging a breach of the collective bargaining agreement." Id. "The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act." Id. To prevail against either the employer or the Union, the employee-plaintiff must not only show that his "discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union." Id., 462 U.S. at 165. The suit can therefore be described as a hybrid Section 301/fair representation claim, amounting to a direct challenge to the private settlement of disputes under the collective bargaining agreement. Id.

**A. Federal Jurisdiction over Hybrid Actions in General**

Vaca was an appeal from the Supreme Court of Missouri, in which the U.S. Supreme Court specifically determined that "Missouri courts had jurisdiction in [that] case" to hear the hybrid action. See Vaca, 386 U.S. 171, 188 (1967). Courts have interpreted Vaca and its progeny to stand for the proposition

that LMRA Section 301, 29 U.S.C. § 1985, provides federal jurisdiction for hybrid actions asserting Section 301/fair representation claims.  See Tamburello v. Comm-Tract Corp., 67 F.3d 973, 979 (1st Cir. 1995) (plaintiff "brought his fair representation allegations as part of a 'hybrid' action under § 301, which provides federal jurisdiction for employees to sue their employer for breach of a collective bargaining agreement, and their union for breach of its duty of fair representation"); Coleman v. General Mills, 1994 WL 696116 (6th Cir. 1994) (claim "may be construed as a 'hybrid' action filed against the company and against the union under § 301 of the LMRA, over which the federal courts have proper jurisdiction"); Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 663 (7th Cir. 1992) ("Section 301 provides federal jurisdiction for employees to sue their employer for breach of a collective bargaining agreement and their union for breach of its duty of fair representation"); Cannon v. Kroger Co., 837 F.2d 660, 661 (4th Cir. 1988) ("a typical hybrid action under § 301 of the Labor Management Relations Act . . ., although federal in nature, may be commenced and prosecuted in either federal district court or in state court").  For this reason, to the extent that State Defendant may be arguing that there is no federal jurisdiction under Section 301 for hybrid claims against employers in general, such an argument fails.  See 29 U.S.C. § 185.

**B.     Jurisdiction over the Hybrid Action Claim Against State Defendant under the LMRA**

LMRA Section 301(a), 29 U.S.C. § 185(a), provides federal district courts with jurisdiction for suits alleging "violation of contracts between an employer and a labor organization."  State Defendant argues that it is not an "employer" within the meaning of the LMRA.  <u>See</u> Motion to Dismiss at 3-4.

The LMRA excludes states and their political subdivisions from its definition of "employer."  29 U.S.C. § 152(2) provides:

> The term "employer" includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof . . . or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization.

The general definition section for the LMRA, at 29 U.S.C. § 142(3), provides that the terms "employer," "employee," and "labor organization," (among others) shall have the same definitions when used elsewhere in the LMRA as those terms are given in 29 U.S.C. § 152, which is quoted above.[1/]  <u>See</u> 29 U.S.C.

---

[1/] 29 U.S.C. § 142 states in part: "When used in this chapter - The terms 'commerce', 'labor disputes', 'employer', 'employee', 'labor organization', 'representative', 'person', and 'supervisor' shall have the same meaning as when used in subchapter II of this chapter."  <u>See</u> 29 U.S.C. § 142(3).  The definitions for subchapter II are contained in 29 U.S.C. § 152.  <u>See</u> 29 U.S.C. § 152.

6

§§ 142, 152; see also Ayres v. Int'l Brotherhood of Electrical Workers, 666 F.2d 441, 442-444 (9th Cir. 1982) (analyzing the relationship between the subchapters of the LMRA and determining that the definition of "employer" contained at 29 U.S.C. § 152(2) applies to the term as it is used in 29 U.S.C. § 185(a)).

Thus, 29 U.S.C. § 185(a) does not grant this Court jurisdiction over claims against an individual employed by a political subdivision of the State of Hawaii.  See 29 U.S.C. §§ 142, 152; Ayres, 666 F.2d at 444 ("section 301(a) of the Act, 29 U.S.C. § 185(a), does not grant this court jurisdiction over the claims of an individual employed by a political subdivision of a state").  The fact that Plaintiff brings the action against its employer under 29 U.S.C. § 185 as part of a hybrid action does not somehow create jurisdiction in this Court.  See, e.g., Ayres, 666 F.2d 441 (dismissing hybrid action against employer and union for lack of jurisdiction where employer was political subdivision of the state); Jacobs v. Ohio Valley Regional Transportation Authority, 636 F. Supp. 841 (N.D. W. Va. 1986) (same).  Plaintiff has cited no cases finding jurisdiction over a state employer under the LMRA, in a hybrid case or otherwise.[2]

---

[2] Vaca does not address the issue of whether federal jurisdiction exists where the employer is a state or political subdivision thereof because Vaca did not involve a state employer.  See Vaca, 386 U.S. 171, 173 (plaintiff sued union but not employer; employer was a private company).

State Defendant, the Department of Human Services of the State of Hawaii, is a political subdivision of the State of Hawaii.  See H.R.S. § 26(4) (establishing the Department of Human Services); see also N.L.R.B. v. Natural Gas Utility District of Hawkins County, Tennessee, 402 U.S. 600, 604-605 (1971) (noting that the term "political subdivision" in 29 U.S.C. § 152(2) is not defined by the statute, but that Congress intended the political subdivision exception to exempt state employees since they did not usually enjoy the right to strike; approving the NLRB's two-prong test for "political subdivision" to include "entities that are either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate"); Museum Associates v. N.L.R.B., 688 F.2d 1278, 1280 (9th Cir. 1982) (recognizing NLRB's two-prong construction of "political subdivision" as it is used in 29 U.S.C. § 152(2)).  Accordingly, Section 301, 29 U.S.C. § 185, does not provide this Court with jurisdiction over Plaintiff's hybrid action claim against State Defendant.

Nor does this Court have jurisdiction over Plaintiff's hybrid action claim against State Defendant pursuant to 29 U.S.C. §§ 158 or 187.  First, 29 U.S.C. § 158 itself does not contain any grant of federal jurisdiction.  See 29 U.S.C. § 158

(describing unfair labor practices).  Second, the grant of federal jurisdiction contained in 29 U.S.C. § 187 is "subject to the limitations and provisions of section 185."  <u>See</u> 29 U.S.C. § 187(b).  The limitations and provisions of 29 U.S.C. § 185, as discussed, except from jurisdiction in this Court claims against employers who are political subdivisions of a state.  <u>See</u> 29 U.S.C. §§ 142, 152, 185.

For these reasons, the Court lacks jurisdiction over Plaintiff's hybrid action claim against State Defendant.

### C. Jurisdiction over the Hybrid Action Claim Against the Union under the LMRA

The Union argues that the Court lacks jurisdiction over the hybrid action claim against it because, just as State Defendant is not an "employer" under the LMRA, the Union argues that it is not a "labor organization" and Plaintiff is not an "employee."  <u>See</u> Joinder at 2.  The Court agrees for the same reasons as discussed with respect to State Defendant.

The definitions of "employer," "employee," and "labor organization" contained in 29 U.S.C. § 152 apply to 29 U.S.C. § 185.  <u>See</u> 29 U.S.C. §§ 142, 152, 185; <u>Ayres</u>, 666 F.2d at 442-444.  "Employee" does "not include . . . any individual employed . . . by any . . . person who is not an employer as herein defined."  <u>See</u> 29 U.S.C. § 152(3).  "Employer" does "not include . . . any State or political subdivision thereof."  <u>See</u> 29 U.S.C. § 152(2).  "Labor organization" is defined (in part) as "any organization .

9

. . . in which <u>employees</u> participate and which exists for the purpose . . . of dealing with <u>employers</u> concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work."  <u>See</u> 29 U.S.C. § 152(5) (emphasis added). Thus, "[b]y the plain, unambiguous language of the LMRA, the definition of 'labor organization' excludes an organization of employees of a political subdivision of a state."  <u>See</u> <u>Pacific Maritime Ass'n v. Local 63, Int'l Longshoremen's and Warehousemen's Union</u>, 198 F.3d 1078, 1081 (9th Cir. 1999).

Since Plaintiff is not an "employee," State Defendant is not an "employer," and the Union is not a "labor organization" under the LMRA, 29 U.S.C. § 185 does not give this Court jurisdiction over the hybrid action claim against the Union.  <u>See</u> <u>Ayres</u>, 666 F.2d at 444 (in a hybrid action against employer and union, holding that "section 301(a) of the Act, 29 U.S.C. § 185(a), does not grant this court jurisdiction over the claims of an individual employed by a political subdivision of a state"); <u>Jacobs</u>, 636 F. Supp. at 843 (in hybrid action against the employer and union where employer is a political subdivision of the state, holding that 29 U.S.C. § 185(a) does not provide federal jurisdiction).  Nor do 29 U.S.C. §§ 158 or 187 give this Court jurisdiction over the hybrid action claim against the Union, for the same reasons as discussed with respect to State Defendants.  <u>See</u>, <u>supra</u>, § IB; <u>see also</u> <u>Pacific Maritime Ass'n</u>,

10

198 F.3d at 1083 (analyzing effect of LMRA definitions on 29 U.S.C. §§ 158 and 187 and finding no federal district court jurisdiction for claim under 29 U.S.C. § 187 against labor organization of public sector employees).

For these reasons, the Court lacks jurisdiction over Plaintiff's hybrid action claim against the Union.

**II.  Whistleblower Claim against State Defendant**

In addition to the hybrid action claim alleged against both defendants, the Complaint alleges that State Defendant "violated the Hawaii Whistleblowers' Protection Act contained in H.R.S. § 378-61, et seq." See Complaint at 9.  Plaintiff alleges that the Court has jurisdiction over this claim pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.  See Opposition at 6.  However, because the Court has found that it does not have jurisdiction over the hybrid action claim, there are no "claims in [this] action within [the Court's] original jurisdiction." See 28 U.S.C. § 1367(a); see also Kelly v. Fleetwood Enterprises, Inc., 377 F.3d 1034, 1040 (9th Cir. 2004).  Therefore, the Court lacks subject matter jurisdiction over the whistleblower claim. See Kelly, 377 F.3d at 1040 (finding no supplemental jurisdiction over state law claim where underlying claims were dismissed for lack of jurisdiction); see also United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial

11

in a jurisdictional sense, the state claims should be dismissed as well.").

Accordingly, the whistleblower claim is dismissed for lack of jurisdiction.[3] Plaintiff may pursue adjudication of that claim in state court.

## CONCLUSION

The Court grants the Motion to Dismiss. The Complaint is dismissed without prejudice in its entirety for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 13, 2006.



_____
Alan C. Kay
Sr. United States District Judge

Hadley v. Hawaii Government Employees' Association, Civ. No. 05-00660 ACK/KSC, ORDER GRANTING MOTION TO DISMISS

---

[3] The Court declines to reach the issue of sovereign immunity since it finds that it lacks subject matter jurisdiction over Plaintiff's claims. See Motion to Dismiss at 7-8 (arguing that State Defendant is immune from suit in federal court for "any state claims" contained in the Complaint, pursuant to the Eleventh Amendment to the U.S. Constitution).